IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| KENNETH CLAY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 4:09-CV-2-CDL-GMF |
| | : | |
| HUNTER, et al. | : | 42 U.S.C. § 1983 |
| | : | |
| Defendants. | : | |

**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND
RECOMMENDATION OF DISMISSAL**

Plaintiff, presently an inmate at the Dodge State Prison in Chester, Georgia, has filed the above styled Section 1983 action against the named Defendants. He is also seeking leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears that Plaintiff is unable to pay the cost of commencing this action, Plaintiff's application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). Petitioner must pay 20% per month of his prison account until the $350.00 filing fee is paid in full.

The Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any

county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) per month of his prison account until the $350.00 filing fee is paid in full. In accordance with provisions of the Prison Litigation Reform Act (PLRA), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

## DISCUSSION

Notwithstanding any filing fee or any portion thereof that may have been paid, or the finding that a plaintiff is unable to pay the filing fee, however, the court is required to dismiss a prisoner complaint if it determines that the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.A. § 1915(e)(2). An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989).

Plaintiff's Complaint contains several allegations. Plaintiff alleges that he was injured by Defendants' failure to provide him with documents related to his hearing, including his complete transcripts. He makes claims based on attorney misconduct, malicious prosecution, obstruction of justice, and other related claims. He alleges that he is the victim of kidnaping and false imprisonment at the hands of Defendants. Notably, Plaintiff's claims are vague and indistinct, and Plaintiff fails to specify the exact claims he has against each Defendant. Plaintiff's requests for relief include immediate release; punitive damages; damages for

anxiety, mental stress, and separation from his family; and vocational training.

Plaintiff's claims against all Defendants are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994), to the extent those claims would render his underlying conviction or sentence invalid. In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 Plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Id*. at 487. When a § 1983 prisoner seeks damages, the district court must determine whether a judgment in favor of the plaintiff would necessarily render the conviction or sentence invalid. *Id*. In this instance, Plaintiff makes statements that, if proved, would invalidate the state criminal proceeding. As Plaintiff has not demonstrated that his sentence has been reversed, expunged, invalidated, or called into question by a writ of habeas corpus pursuant to a State habeas corpus action, he fails to state a cause of action upon which this court may grant relief.

As to Plaintiff's claims related to his hearing documents, Plaintiff has not alleged a physical injury. The PLRA provides at 42 U.S.C. § 1997e (e):

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

Further, the Eleventh Circuit Court of Appeals has recently held in an *en banc* decision that the physical injury requirement even applies to claims of a constitutional nature and must be more than *de minimis*. *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 2000). Plaintiff has made no allegation of physical injury and the factual allegations do not indicate any physical injury.

Plaintiff's claims regarding his hearing documents and his state law kidnaping and false imprisonment claims must also fail because these allegations do not amount to valid Section 1983 claims. Section 1983 protects plaintiffs from violations of only Constitutional rights. *Baker v. McCollan*, 443 U.S. 137 (1979).

In light of the above, it is **RECOMMENDED** that the instant action be **DISMISSED** as frivolous under 28 U.S.C. § 1915(e)(2) and for failure to state a claim upon which relief may be granted. It is further **RECOMMENDED** that Plaintiff's motions for Jury Trial and to Amend/Correct be **DENIED** as moot. Under 28 U.S.C. § 636(b)(1), Plaintiff may file written objections to this recommendation with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy thereof.

SO RECOMMENDED, this the 12th day of January, 2009.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

lml